Filed 8/24/20  Flores v. Spitzer CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| JOSE FLORES, | B294479 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC707076) |
| v. | |
| DANIEL B. SPITZER, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Law Offices of Mark R. McKinniss and Mark R. McKinniss for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Kenneth C. Feldman and Barry Zoller for Defendant and Respondent.

Plaintiff Jose Flores appeals from the dismissal of his complaint against his former attorney, defendant Daniel B. Spitzer, following the sustaining of Spitzer's demurrer on the ground that all of the causes of action are barred by Code of Civil Procedure[1] section 340.6, the statute of limitation applicable to claims against an attorney arising in the performance of professional services. Flores contends the trial court erred by sustaining the demurrer as to two of his claims—for fraud and for breach of contract—and that the court abused its discretion by not granting him leave to amend his complaint. We conclude that although Flores labels his third cause of action as one for fraud, the allegations of the complaint do not assert a claim of actual fraud but instead assert a claim arising from Spitzer's performance of legal services. Similarly, Flores's claim for breach of contract merely alleges that Spitzer breached the contract by violating his professional obligations as an attorney. Therefore, the trial court properly found that section 340.6 applies to, and bars, those claims. We also conclude that the trial court did not abuse its discretion in sustaining the demurrer without leave to amend because Flores has not demonstrated how he could amend his complaint to allege viable claims. Accordingly, we affirm the judgment.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

# BACKGROUND

A.  *The Greenberg Lawsuit*

This case has its genesis in a dispute between Flores, a contractor, and his former clients, Larry and Cindy Greenberg, who purportedly owed Flores money under their contract.  Flores, who was in disciplinary proceedings before the California Contractors State License Board regarding revocation of his contractor's license, consulted with attorney Gerald N. Silver regarding his dispute with the Greenbergs and getting his contractor's license reinstated.  Flores retained Silver based upon Silver's representations that he had a strong case against the Greenbergs.

In December 2008, Silver filed a lawsuit against the Greenbergs on behalf of Flores (the Greenberg lawsuit).  The Greenbergs then filed a cross-complaint against Flores seeking, among other relief, disgorgement of all compensation they had paid him (more than $60,000), on the ground that he was unlicensed.  (See Bus. & Prof. Code, § 7031, subd. (b) ["a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract"].)  A year later, in February 2010, Flores entered into a stipulated judgment in which he was required to pay $80,000 to the Greenbergs.

B.  *The Silver Lawsuit*

In December 2014, Flores learned that his attorney in the Greenberg lawsuit, Silver, was being investigated by the State Bar of

3

California; the investigation began after the Greenbergs obtained a judgment against Silver for malicious prosecution of the Greenberg lawsuit. In June 2015 (more than five years after the stipulated judgment in the Greenberg lawsuit) Flores, appearing in propria persona, filed a lawsuit against Silver alleging claims for legal malpractice and related claims (the Silver lawsuit). After the trial court in that case sustained Silver's demurrer with leave to amend, Flores met with attorney Spitzer, defendant in the present case. Spitzer substituted into the case and filed a first amended complaint alleging causes of action for breach of contract, legal malpractice, and fraud against Silver.

On June 8, 2016, the trial court sustained Silver's demurrer on the ground that the applicable statutes of limitation—four years for breach of contract (§ 337),[2] one year for legal malpractice (§ 340.6), and three years for fraud (§ 338)—barred all of Flores's claims. The court denied Flores leave to amend because the facts were clear, and it did not appear that Flores could allege a viable claim. An order dismissing the Silver lawsuit was filed that same day.

Flores, still represented by Spitzer, filed a notice of appeal from the order dismissing the Silver lawsuit. On February 16, 2017, after Spitzer filed the appellant's opening brief, Flores filed a substitution of attorney in the trial court, substituting himself, in propria persona, in place of Spitzer. He filed a similar substitution of attorney in this court

---

[2]    On appeal, the parties agreed that section 340.6, rather than section 337, applied to the breach of contract claim.

two weeks later.  On April 27, 2018, Division One of this Appellate District issued its opinion in the Silver lawsuit, affirming the judgment.

C.    *The Present Lawsuit*

On May 22, 2018, Flores, in propria persona, filed the instant lawsuit against Spitzer, alleging claims for breach of written contract, breach of fiduciary duty, legal malpractice, and fraud.  The preliminary allegations supporting all of Flores's claims were as follows.

Flores met with Spitzer regarding the Silver lawsuit in February 2016.  Spitzer told Flores that he specialized in legal malpractice law, so Flores retained him to represent him.  After Flores shared his file and discussed the underlying documents, facts, and legal theories of the case with Spitzer (particularly Silver's statute of limitation defense), Spitzer filed an amended complaint.  Silver filed a demurrer to the amended complaint, and Spitzer failed to identify facts in his opposition to show that Flores's claims were not time-barred; when Flores demanded to know why the complaint was dismissed without leave to amend, Spitzer lied to Flores that he had presented competent arguments in opposition to the demurrer.  Flores alleged that, in fact, Spitzer was inept, had a poor understanding of the law, and had provided substandard legal representation.  It was not until after Spitzer filed the appellant's opening brief in Flores's appeal from the dismissal, however, that Flores decided that Spitzer was not qualified to represent him; at that point Flores took over the appeal in propria persona.  On April 27, 2018, the court of appeal issued its decision affirming the judgment.

All of these preliminary allegations were incorporated by reference into each of the causes of action. The complaint also alleged in the breach of contract cause of action that Spitzer agreed to provide competent legal services in the Silver lawsuit, and breached that agreement by failing to represent Flores competently, in that Spitzer failed to make certain arguments in opposition to Silver's demurrer. As a result, Flores incurred attorney fees and costs in excess of $42,000 and lost his $1,500,000 claim against Silver. The complaint also alleged the same conduct and damages in the breach of fiduciary duty and legal malpractice causes of action. In the fraud cause of action, the complaint alleged that Spitzer represented to Flores that he was well versed in the law and specialized in legal malpractice law, that his intent in making these representations was to induce Flores to pay him excessive legal fees, that the representations were false in that Spitzer failed to make certain arguments in opposition to the demurrer, and that Flores suffered damages of $42,000 in attorney fees and costs, plus $1,500,000 from his lost claims against Silver.

Spitzer filed a demurrer to the complaint, arguing that the claims were duplicative of each other and that all were barred by the one-year statute of limitation set forth in section 340.6. The trial court agreed, sustaining the demurrer to all four causes of action, but with leave to amend.

Flores filed a first amended complaint—the complaint at issue in this appeal—alleging claims for breach of written contract, breach of fiduciary duty, fraud, and negligent misrepresentation. The amended complaint includes the same preliminary allegations as the original

6

complaint and, like the original complaint, it incorporates those allegations into each of the causes of action. The breach of contract and breach of fiduciary duty causes of action are almost identical to their counterparts in the original complaint, except that Flores deleted the allegations specifying how Spitzer allegedly breached the contract or his fiduciary duty. Instead Flores alleges that the breach of contract occurred "[b]etween 2016 and mid-2017," when Silver either failed to perform all legal services agreed to, or agreed to represent Flores while knowing there were no legal grounds for pursuing the Silver lawsuit; he alleges that the breach of fiduciary duty occurred because Spitzer represented to Flores that he could successfully maintain and prosecute the Silver lawsuit despite the lapse of time. Although the breach of fiduciary duty cause of action does not identify the damages Flores allegedly suffered, the breach of contract cause of action alleges Flores suffered damages in the amount of $1,542,000, i.e., the same total amount as is alleged in the original complaint.

In the fraud cause of action, Flores alleges that (1) Spitzer represented to Flores that he specialized in legal malpractice law, that Flores had a strong and winning case, and that he could maintain and successfully prosecute the Silver lawsuit; (2) these representations were false in that Spitzer knew there were issues with the statutes of limitation; (3) the representations were made to induce Flores to pay him for his legal services; (4) Flores reasonably relied upon Spitzer's representations; and (5) Flores suffered damages in the amount of at least $1,520,000. In the negligent misrepresentation cause of action, Flores alleges that Spitzer owed Flores a duty to take reasonable

7

prudence to ensure that his actions and communications with Flores were truthful and accurate, and that Spitzer breached this duty by assuring Flores, without a reasonable basis in truth or fact, that he understood the applicable law and could successfully maintain and prosecute the Silver lawsuit, and that the statutes of limitation could be surmounted in that case. He alleges the same damages as alleged in the fraud cause of action.

Spitzer filed a demurrer to all causes of action. He contended that the breach of contract, breach of fiduciary duty, and negligent misrepresentation claims allege, in essence, claims for legal malpractice and thus are barred by the one-year statute of limitation set forth in section 340.6, and that each claim was duplicative of the other claims. With regard to the fraud claim, Spitzer contended that the amended complaint fails to state facts sufficient to constitute a cause of action for fraud, and instead, the allegations are duplicative of the other causes of action.

In his opposition to the demurrer, Flores did not address Spitzer's contention, i.e., that all of the causes of action are based upon allegations of legal malpractice. Instead, he discussed the elements of the causes of action, pointed to allegations in the amended complaint that he asserted satisfied those elements, and stated that section 340.6 did not apply to those causes of action. He also asked that, if the court were to sustain the demurrer, he be given leave to amend, but he did not indicate what facts he could allege that would cure any defects.

The trial court sustained the demurrer without leave to amend. It found that all causes of action are duplicative of each other, and all are

8

based upon Spitzer's alleged negligent representation of Flores in the Silver lawsuit.  Therefore, it found that the one-year statute of limitation set forth in section 340.6 applied.  And, since Flores alleges that the demurrer in the Silver lawsuit was sustained on June 8, 2016, and Spitzer ended his representation of Flores on February 16, 2017, Flores's claims against Spitzer filed on May 22, 2018 were time-barred.[3]  The court entered a judgment of dismissal, from which Flores timely filed a notice of appeal.

## DISCUSSION

On appeal, Flores contends (1) the trial court erred by dismissing his fraud claim, because section 340.6 excludes claims for actual fraud from its application; (2) the court erred by sustaining Spitzer's demurrer to the breach of contract claim because none of the elements of a breach of contract claim necessarily depends on proof that Spitzer violated a professional obligation; and (3) the court abused its discretion in denying leave to amend the complaint because the allegations of the first amended complaint show a reasonable probability that a valid fraud claim could be stated.  None of these contentions prevail.

---

[3]     The court noted that the limitations period was not tolled pending the outcome of the appeal; it was tolled only until Spitzer's representation of Flores ended.  (Citing *Laird v. Blacker* (1992) 2 Cal.4th 606.)

A.     *Standard of Review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

B.     *Section 340.6*

Section 340.6 provides, in relevant part: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (§ 340.6, subd. (a).) The Supreme Court has explained that this statute "applies to claims whose merits

10

necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services.  In this context, a 'professional obligation' is an obligation that an attorney has by virtue of being an attorney, such as fiduciary obligations, the obligation to perform competently, the obligation to perform the services contemplated in a legal services contract into which an attorney has entered, and the obligations embodied in the State Bar Rules of Professional Conduct." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236-1237.)  The court concluded that the ultimate question is whether the claim "necessarily depend[s] on proof that an attorney violated a professional obligation in the course of providing professional services unless the claim is for actual fraud." (*Id.* at p. 1239.)

C.     *Fraud Claim*

Flores contends the trial court erred in finding his fraud claim barred by section 340.6 because he properly pleaded a claim for actual fraud.  However, Flores's own explanation of the allegations he contends satisfy the elements of actual fraud defeats his contention.

Flores begins his argument by setting forth the elements of fraud: "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (Quoting *Tenet Healthsystem Desert, Inc. v. Blue Cross of California* (2016) 245 Cal.App.4th 821, 837.)  He then proceeds to identify the allegations of the first amended complaint that purportedly

11

satisfy these elements. The problem for Flores arises with the knowledge of falsity element of his claim.

The alleged misrepresentations identified by Flores are: (1) Spitzer said he was well-versed and specialized in legal malpractice law; (2) he said Flores had a strong and winning case; (3) he said he could successfully represent Flores; and (4) he said he had successfully handled many similar cases.[4] To show knowledge of falsity, Flores points to the allegation in the amended complaint that specifically addresses this element: "Defendant Spitzer knew that there were significant issues with the statute of limitations that might hamper the [Silver lawsuit], but [Spitzer] said nothing about these, and instead repeatedly reassured Flores that [Spitzer] had handled cases like the [Silver lawsuit] many times before in a successful manner." Flores also cites to the preliminary allegations of the amended complaint to explain further why Spitzer's representations were false: "Flores alleged that when he met with Spitzer at his law firm, Spitzer held himself out to be a specialist in legal malpractice matters [citations], yet failed to recognize the proper pleading requirements for the causes of action advanced [citation], failed to understand the statute of limitations [citation] and failed to understand the importance of apprising the court

---

[4] Although Spitzer argues these are not actionable misrepresentations because they are opinions regarding a future event (citing *San Francisco Design Center Associates v. Portman Companies* (1995) 41 Cal.App.4th 29, 43-44), we note that opinions may be actionable when the party asserting them holds himself out to be specially qualified. (See 5 Witkin, Summary of Cal. Law (11th ed. 2017) Torts, § 893, pp. 1222-1223, and cases cited therein.) We need not decide this issue in light of our resolution of this case.

in the [Silver lawsuit] of certain facts which tolled the statute of limitations." Flores contends these allegations show that "Spitzer *intentionally* misrepresented his expertise, knowledge of the laws, outcome of the case and arguments he would present to the court." They do not.

Taking those allegations as true, as we must on review of a ruling on a demurrer, those allegations do not show that Spitzer knowingly made false representations. In light of the fact (of which we take judicial notice) that Spitzer is certified by the State Bar of California as a specialist in legal malpractice law, these allegations show only that Spitzer failed to competently perform legal services, either by misjudging the strength of Flores's case or Silver's defenses at the outset, or by negligently prosecuting the case. In other words, that Spitzer committed legal malpractice.

The only possibly cognizable fraud claim that might be constructed from Flores's allegations is that Spitzer knew that the Silver lawsuit had no merit, but nevertheless told Flores that it had some chance of success in order to induce Flores to retain him. But such a claim is contrary to Flores's consistent and repeated assertions that the Silver lawsuit was meritorious. Moreover, that claim is inconsistent with the damages he alleges were caused by Spitzer's alleged fraud. Such a claim would entitle Flores to recover, at most, the attorney fees and costs he incurred as a result of the alleged fraud, yet Flores alleges he was damaged in the amount of at least $1,520,000, i.e., the amount he alleges he lost due to the dismissal of the Silver lawsuit. In any event, a representation that a lawsuit—even one in which a

13

demurrer to the original complaint has been sustained on statute of limitation grounds—is winnable can be found to be false only if as a matter of law there are no non-frivolous arguments that could be made that valid claims exist that are not time-barred. Flores has not alleged any facts, and does not argue on appeal, that such an allegation truthfully could be made.[5] Accordingly, the trial court properly found that section 340.6 applied and barred the late-filed claim.

D.    *Contract Claim*

In arguing the trial court erred by finding his breach of contract claim was barred by section 340.6, Flores relies upon *Lee v. Hanley*, *supra*, 61 Cal.4th 1225. In that case, the Supreme Court held that even though the facts as alleged in a complaint might show that the lawyer-defendant violated certain professional obligations, nonetheless, if the allegations also could be construed to allege a claim (in that case, for conversion) "whose ultimate proof at trial may not depend on the assertion that [the lawyer-defendant] violated a professional obligation," it would be error for a court to sustain a demurrer to that claim under section 340.6. (*Id.* at p. 1230.)

Flores contends that none of the elements of a cause of action for breach of contract—(1) a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) damages

---

[5]    In fact, we note that Division One, in its opinion affirming the dismissal of the Silver lawsuit, addressed the arguments Spitzer made on behalf of Flores; it did not find those arguments to be frivolous. We take judicial notice of that opinion.

to the plaintiff—necessarily require proof that Spitzer violated a professional obligation. He argues that, because he "merely needs to prove that the parties entered into a contract that was breached," the trial court erred in sustaining Spitzer's demurrer to that claim. He is mistaken.

What Flores overlooks is how he alleges Spitzer breached the contract. The amended complaint alleges that Flores and Spitzer entered into a contract in which Spitzer agreed, for a fee, "to perform legal representation and to render legal services to [Flores]." It alleges that Spitzer breached that contract by "either fail[ing] to perform all legal services under [the contract] or agree[ing] to represent Flores while knowing that there were no legal grounds to pursue the [Silver lawsuit]." Under either scenario, in order to prove the breach, Flores necessarily would have to show that Spitzer violated a professional obligation in the course of providing legal services, i.e., that Spitzer failed to perform all necessary legal services or that he failed to give competent legal advice. Therefore, the trial court correctly found that section 340.6 applied to, and barred, Flores's breach of contract cause of action.

E.    *Denial of Leave to Amend Complaint*

Relying upon cases that hold it is abuse of discretion for a trial court to deny leave to amend upon sustaining a demurrer when there is a reasonable probability that the defect can be cured, Flores argues the trial court in this case abused its discretion by denying him leave to amend the complaint to assert viable fraud claim. In making this

15

argument, however, Flores fails to explain how he could amend the fraud claim to avoid the operation of section 340.6. As the plaintiff challenging the denial of leave to amend, it is his burden "to show what facts he or she could plead to cure the existing defects in the complaint. [Citation.] 'To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action.'" (*Total Call International, Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166.) "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.) Because Flores failed to show how he could allege a viable fraud claim, we affirm the court's denial of leave to amend.

//
//
//
//
//
//
//
//
//

16

## DISPOSITION

The judgment is affirmed.  Spitzer shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.